# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXH AIR-COOLERS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>PIONEER BANCORP, INC., PIONEER BANK, and JOHN DOES 1 THROUGH 10<br><br>        Defendants. | No.   1:20-cv-1022 (LEK/CFH)<br><br>**COMPLAINT** |

Plaintiff, AXH Air-Coolers, LLC, ("AXH" or "Plaintiff"), by its attorneys, Schiller, Knapp, Lefkowitz & Hertzel, LLP, for its Complaint, alleges as follows:

## PARTIES

1. Plaintiff, AXH, is an Oklahoma limited liability company organized and existing under and by virtue of the laws of the State of Oklahoma, with its Corporate Office located in Tulsa, Oklahoma.

2. Defendant Pioneer Bancorp, Inc. is a foreign bank, incorporated in the State of Maryland, having its principal place of business in Albany, New York.

3. Defendant, Pioneer Bank is a banking entity organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 652 Albany Shaker Road, Albany, New York 12211. (Pioneer Bancorp, Inc. and Pioneer Bank will hereinafter be referred to collectively as "Pioneer.")

4. Upon information and belief, John Does 1 through 10 are individuals who are employed by Pioneer in Albany, New York.

5. The conduct giving rise to the causes of action herein occurred in substantial part in the Northern District of New York.

6. This Court has jurisdiction over the subject matter of this action pursuant to (28 U.S.C. § 1332(a)(1)) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. §139l(b)(1 & 2).

## FACTUAL ALLEGATIONS

8. From its facilities located in the State of Oklahoma, AXH manufactures pressure vessels that are used in the gas compression industry. In the conduct of its business, AXH utilizes the payroll services of Southwestern Payroll Service, Inc. ("SW Payroll") to pay its employees' payroll and the federal and state payroll taxes associated therewith.

9. AXH, in the normal course of its agreement with SW Payroll, permitted SW Payroll to arrange directed payments from a designated AXH account to the bank accounts of individual employees of AXH. The terms of the agreement also permitted SW Payroll to withdraw funds from AXH's account equal to the amounts owing for federal and state payroll taxes and authorized SW Payroll to deposit such funds in an account maintained by SW Payroll at a bank or financial institution to be utilized for the aforesaid purposes. In accordance with said agreement, the funds withdrawn from AXH's

account for taxes were deposited into a tax account at SW Payroll and were trust funds held by SW Payroll for payment of taxes due to the federal and state governments.

      10.     Upon information and belief, SW Payroll transferred funds from AXH's account to its tax account at Defendant, Pioneer.  Upon information and belief, in August and/or September, 2019, Pioneer, acting through Doe Defendants 1 through 10, removed funds from SW Payroll's tax account, including $336,126.26 of AXH's payroll tax trust funds and retained those funds for Pioneer's own use and benefit and said funds were not remitted to the appropriate taxing authorities.

      11.     AXH has made demand upon Pioneer to return said funds, but Pioneer has failed and refused to respond to Plaintiff's demands.

## AS AND FOR A FIRST CAUSE OF ACTION-CONVERSION

      12.     The Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if set forth at length herein.

      13.     Pioneer and Does 1 through 10, through their deliberate and intentional seizing of Plaintiff's funds have wrongfully converted $336,126.26 of Plaintiff's monies, plus those additional amounts which may or will be identified during the course of this proceeding.

      14.     Pioneer and the Doe Defendants knew, or should have known, that such Client Tax Trust Funds are not the property of Pioneer and could not be used for any purpose other than remittal to the appropriate taxing authorities.

15. Pioneer has failed and refused to return said funds at issue herein, causing Plaintiff to suffer damages as a result of Pioneer's wrongful and unauthorized possession of Plaintiff's funds and seeks damages in the amount of $336,126.26, plus penalties and interest already assessed and which may be assessed, interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION-UNJUST ENRICHMENT

16. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

17. Pioneer has been unjustly enriched by the wrongful taking the trust funds belonging to and deposited on behalf of Plaintiff.

18. As such, Plaintiff has been damaged by Pioneer's unjust enrichment in the amount of $336,126.26, plus penalties and interest already assessed and which may be assessed, interest, costs and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION-GROSS NEGLIGENCE

19. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

20. Pioneer owed a duty to Plaintiff to keep and maintain Client Trust Funds as special funds pursuant to 26 U.S.C. section 7501. To the extent any of such funds have been misappropriated, offset, converted, stolen or are otherwise missing and unaccounted

for as a result of any actions of Pioneer or its Doe Defendant employees, Pioneer has grossly failed to adequately monitor the disbursement of said funds and such gross negligence has caused damages to Plaintiff.

21. As such, Plaintiff seeks damages in the amount of $336,126.26, plus penalties and interest already assessed and which may be assessed, interest, costs and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION-ACCOUNTING

22. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth at length herein.

23. Plaintiff seeks an accounting from Defendant Pioneer detailing all activity on all accounts wherein Plaintiff's trust funds were deposited. The exact amount of damages sustained by Plaintiff can only be ascertained and verified by virtue of such accounting.

WHEREFORE, Plaintiff prays that this Court enter judgment against Pioneer and Does 1 through 10, in the amount of $336,126.26, plus penalties and interest already assessed and which may be assessed, interest, costs, attorney's fees punitive damages, and for such other and further relief as this Court deems just, proper and equitable.

GARY A. LEFKOWITZ, ESQ.
Bar Roll No. 102036
Schiller, Knapp, Lefkowitz & Hertzel, LLP
Local Counsel for Plaintiff
950 New Loudon Road, Suite 109
Latham, New York 12110
Phone:  518-786-9069
E-mail:  Glefkowitz@Schillerknapp.com