UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AXH AIR-COOLERS, LLC,

                     **Plaintiff,**

       v.                                         1:20-CV-1022 (FJS/CFH)

PIONEER BANCORP, INC.;
PIONEER BANK; and JOHN DOES
1 THROUGH 10,

                       **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP**<br>950 New Loudon Road<br>Suite 109<br>Latham, New York 12110<br>Attorneys for Plaintiff | **GARY A. LEFKOWITZ, ESQ.** |
| **KIVELL, RAYMENT & FRANCIS, P.C.**<br>Triad Center, Suite 550<br>7666 East 61st Street<br>Tulsa, Oklahoma 74133<br>Attorneys for Plaintiff | **BRIAN J. RAYMENT, ESQ.** |
| **DLA PIPER LLP (US)**<br>677 Broadway<br>Suite 1205<br>Albany, New York 12207<br>Attorneys for Defendants Pioneer Bank<br>and Pioneer Bancorp, Inc. | **ROBERT J. ALESSI, ESQ.**<br>**JEFFREY D. KUHN, ESQ.** |
| **JOHN DOES 1 THROUGH 10** | **NO APPEARANCES** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

Plaintiff, an Oklahoma-based company that manufactures pressure vessels used in the gas compression industry, alleges that it used the services of Southwestern Payroll Service, Inc. ("Southwestern Payroll") to pay its employees' payroll and the associated federal and state taxes. *See* Dkt. No. 1, Compl., at ¶ 8. Among other things, Plaintiff claims that it directed Southwestern Payroll to withdraw funds from Plaintiff's account, equal to the amounts owing for federal and state payroll taxes, and to deposit such funds in an account that Southwestern Payroll maintained until the funds would be used to pay those taxes. *See id.* at ¶ 9. Plaintiff alleges that, upon information and belief, Southwestern Payroll transferred funds from its account to a tax account at Defendant Pioneer Bank (hereinafter collectively referred to with Defendant Pioneer Bancorp, Inc. as "Defendants"). *See id.* at ¶ 10. Plaintiff further contends that, in August or September 2019, Defendants, acting through John Does 1 through 10[1], removed funds from Southwestern Payroll's tax account, including $336,126.26 that allegedly accounted for Plaintiff's payroll tax trust funds, and retained those funds for Defendants' own use and benefit instead of remitting them to the appropriate taxing authorities. *See id.*

Plaintiff commenced this action on August 31, 2020, alleging the following causes of action: (1) conversion, (2) unjust enrichment, (3) gross negligence, and (4) accounting. *See id.* at ¶¶ 12-23. Plaintiff seeks to recover $336,126.26 "plus penalties and interest already assessed

---

[1] It appears that John Does 1 through 10 are Defendants' employees. Although they are listed as defendants in the caption of Plaintiff's complaint, the Doe Defendants have not been identified or served in this action. Defendants' counsel purports to represent the Doe Defendants and make arguments on their behalf, *see* Dkt. No. 7-1 at 21-22. However, the Court cautions that such representation is improper because the Doe Defendants have not been identified and served. The Court thus treats the Doe Defendants as if they have not appeared in this action.

and which may be assessed, interest, costs, attorney's fees[, and] punitive damages[.]"  *See id.* at Wherefore Clause.  Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7.  Plaintiff opposes the motion and requests, in its response, that the Court grant it leave to amend its complaint.  *See* Dkt. No. 13-1, Pl's Memorandum in Opposition, at 17.

## II. DISCUSSION

### A. Plaintiff's first cause of action for conversion

"New York law defines conversion as 'the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'"  *Ultra Dairy LLC v. Kondrat*, 514 F. Supp. 3d 452, 459 (N.D.N.Y. 2021) (quoting *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 403-04 (2d Cir. 2006) (quoting *Vigilant Ins. Co. of Am. v. Hous. Auth.*, 87 N.Y.2d 36, 637 N.Y.S.2d 342, 660 N.E.2d 1121, 1126 (1995))).  "To prove that claim out, a plaintiff must allege: '(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the [property], to the alteration of its condition or to the exclusion of the plaintiff's rights.'"  *Id.* (quoting *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (citation and internal quotation marks omitted)).

"'Money deposited in a general account at a bank does not remain the property of the depositor.  Upon deposit . . . the money deposited becomes the property of the depositary bank; the property of the depositor is the indebtedness of the bank to it. . . .'"  *In re HSBC Bank, USA, N.A.,* 1 F. Supp. 3d 34, 53 (E.D.N.Y. 2014) (quoting *Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 627 (2d Cir. 2012) (applying New York law) (citations and

quotation marks omitted)).  "As a general matter, a strong presumption exists under New York law that a deposit account is a general account and not a special purpose account."  *In re Lehman Bros. Holdings, Inc.*, 439 B.R. 811, 824 (Bankr. S.D.N.Y. 2010) (citing *Swan [Brewery Co. Ltd. v. United States Trust Co. of N.Y.*], 832 F. Supp. [714,] 718-19 [(S.D.N.Y. 1993)] (collecting cases)).

"'It is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question.'"  *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000) (quoting *Manufacturers Hanover Trust Co. v. Chemical Bank*, 160 A.D.2d 113, 124, 559 N.Y.S.2d 704, 712 (1st Dep't 1990), *appeal denied*, 77 N.Y.2d 803, 568 N.Y.S.2d 15[, 569 N.E.2d 874] (1991)); *see Krys v. Sugrue (In re Refco Inc. Sec. Litig.)*, Nos. 07-md-1902 (JSR); 08-cv-3065 (JSR); 08-cv-3086 (JSR); 08-cv-7416 (JSR); 08-cv-8267 (JSR), 2010 U.S. Dist. LEXIS 33642, *121 (S.D.N.Y. Mar. 1, 2010) (stating that "[f]unds in a segregated account are sufficiently identifiable to be the subject of conversion" (citations omitted)).  "By its terms, this principle does not apply to the bank-depositor relationship, because funds deposited with a bank do not constitute a specific and identifiable fund."  *Tevdorachvili*, 103 F. Supp. 2d at 643*; see also Kirschner v. Bennett*, 648 F. Supp. 2d 525, 542 (S.D.N.Y. 2009) (stating that "the fact that funds are deposited for a specific purpose is not conclusive as to whether the funds were sufficiently specific and identifiable to support a claim for conversion" (citation omitted)).  "Whether an account is general or specific depends upon the mutual intent of the parties."  *Swan Brewery Co. Ltd. v. United States Trust Co. of N.Y.*, 832 F. Supp. 714, 718 (S.D.N.Y. 1993) (collecting cases).

Defendants contend that Plaintiff's claim for conversion fails because deposits in a general account cannot be converted as a matter of law, and Plaintiff has not pled any facts to rebut the "strong presumption" that the Southwestern General Deposit Account – the account in which Southwestern Payroll maintained Plaintiff's funds – is a general deposit account.  *See* Dkt. No. 7-1, Defs' Memorandum in Support, at 11-16.  Plaintiff responds that it has properly pled that it permitted Southwestern Payroll to deposit "tax payments (trust funds)" into a special purpose account that Southwestern Payroll held with Defendants.  *See* Dkt. No. 13-1 at 11-12 (citing Dkt. No. 1 at ¶¶ 8-10).  Accordingly, the Court must determine whether Plaintiff has sufficiently alleged that the Southwestern General Deposit Account was a segregated, specific purpose account; and it must do so by looking at evidence of the parties' intent.

In its cause of action for conversion, Plaintiff alleges that Defendants deliberately and intentionally seized Plaintiff's funds and "have wrongfully converted $336,126.26 of Plaintiff's monies, plus those additional amounts which may or will be identified during the course of this proceeding."  *See* Dkt. No. 1 at ¶ 13.  Plaintiff further alleges that Defendants knew or should have known that the funds were not Defendants' property and could not be used for any purpose other than remittal to the appropriate taxing authorities.  *See id.* at ¶ 14.  More specifically with respect to the account, Plaintiff alleges that the funds were held in an account "maintained by [Southwestern] Payroll at a bank or financial institution," the account was a "tax account" with Defendants, and those funds constituted "payroll tax trust funds."  *See id.* at ¶¶ 9-10.

Plaintiff does not allege that Defendants maintained the funds in a separate, segregated account or that Defendants and Southwestern Payroll had anything other than a bank-depositor

relationship.[2] Plaintiff also fails to allege that it was Defendants' customer, let alone that Plaintiff and Defendants had an arrangement in which the tax funds would be separated from Defendants' general funds. Without any such allegations, Plaintiff cannot overcome the "strong presumption" that the funds were located in a general account with Defendants. Furthermore, since the Court must presume that the funds were in a general account, and money deposited in a general account becomes the property of the bank, the Court finds that Defendants owned the funds; and, therefore, Defendants could not convert the disputed $336,126.26. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's first cause of action for conversion.

### B. Plaintiff's second cause of action for unjust enrichment

Unjust enrichment is "a New York common law quasi-contract cause of action requiring the plaintiff to establish: '(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2016)) (footnote omitted); *see Grasso v. Donnelly-Schoffstall*, No. 1:20-CV-521 (LEK/DJS), 2021 U.S. Dist. LEXIS 61549, *13 (N.D.N.Y. Mar. 31, 2021). "[A] New York unjust enrichment claim requires no 'direct relationship' between plaintiff and defendant." *Myun-Uk Choi*, 890 F.3d at 69. "Rather, the requirement of a connection between plaintiff and defendant is a modest one[.]" *Id.* "'The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered.'" *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 739-40 (S.D.N.Y. 2012) (quoting

---

[2] In fact, Plaintiff could not make this argument, as the Court has already concluded in a related case, *Southwestern Payroll Serv., Inc. v. Pioneer Bancorp*, 1:19-CV-1349 (FJS/CFH), that Southwestern Payroll and Pioneer Bank had a mere bank-depositor relationship and not a fiduciary relationship. *See* No. 1:19-CV-1349 at Dkt. No. 51.

*Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 854 N.Y.S.2d 115, 118 (2008)). "Courts applying New York law require a plaintiff to allege some expectation of compensation that was denied in order to demonstrate that equity requires restitution." *Id.* at 740 (citations omitted); *accord Aaronson v. Kellogg Co.*, No. 18-CV-5616 (SJF) (AKT), 2020 U.S. Dist. LEXIS 85337, *40 (E.D.N.Y. May 14, 2020).

In its second cause of action for unjust enrichment, Plaintiff merely alleges that Defendants have been "unjustly enriched by the wrongful taking [of] the trust funds belonging to and deposited on behalf of Plaintiff." *See* Dkt. No. 1 at ¶ 17. However, Plaintiff also repeats and realleges all preceding allegations, including that Plaintiff permitted Southwestern Payroll to withdraw funds from Plaintiff's account and to deposit those funds into an account that Southwestern Payroll maintained with Defendants. *See id.* at ¶¶ 9, 16. According to Plaintiff, those funds amounted to $336,126.26, which Defendants removed from Southwestern Payroll's account and retained for their own use and benefit. *See id.* at ¶ 10. Because Defendants retained those funds and have refused to return them, Plaintiff alleges that the funds were not remitted to the appropriate taxing authorities. *See id.* at ¶¶ 10-11.

Based on these allegations, the Court finds that Plaintiff has asserted the first element of its unjust enrichment claim in that Defendants benefitted from retaining the $336,126.26. The Court further finds that Plaintiff has established the second element, that such funds were retained at Plaintiff's expense, because Plaintiff had allegedly contracted with Southwestern Payroll to keep those funds in an account until they were due for taxes and they were never remitted to the taxing authorities. It appears from Plaintiff's complaint that Plaintiff was not Defendants' customer, and it did not have any formal agreement with Defendants. *See generally id.* at ¶¶ 9-10. However, Plaintiff alleges that it expected that the funds it had

entrusted Southwestern Payroll to maintain in its account with Defendants would eventually be remitted to the proper taxing authorities on Plaintiff's behalf. *See id.* Because Plaintiff alleges that Defendants refused to make that payment or return the money to Plaintiff, the Court finds, with respect to the third element, that equity and good conscience require restitution. Accordingly, the Court finds that Plaintiff has stated a plausible claim for unjust enrichment and, therefore, denies Defendants' motion to dismiss Plaintiff's second cause of action.

### C. Plaintiff's third cause of action for gross negligence

"'"Gross negligence is the commission or omission of an act or duty owing by one person to a second party which discloses a failure to exercise slight diligence. In other words, the act or omission must be of an aggravated character as distinguished from the failure to exercise ordinary care."'" *Mabb v. Town of Saugerties*, No. 1:18-CV-866 (FJS/DJS), 2020 U.S. Dist. LEXIS 5797, *21 (N.D.N.Y. Jan. 14, 2020) (Scullin, J.) (quoting *Vosburgh v. Am. Nat'l Red Cross*, No. 5:08-CV-00653 (NPM/GHL), 2009 U.S. Dist. LEXIS 99826, *34 (N.D.N.Y. Oct. 27, 2009) (quoting *Kofin v. Court Plaza, Inc.,* 886 N.Y.S.2d 71, 23 Misc. 3d 1121[A], 2009 NY Slip Op 50876[U] (N.Y. Sup. Ct. 2009) (citing *Weld v. Postal Tel. Cable Co.,* 210 N.Y. 59, 103 N.E. 957, 2 N.Y.L. Cas. 460 (1913)))); *see Baccaro v. Coloplast Corp.*, No. 1:19-CV-1088, 2021 U.S. Dist. LEXIS 136476, *48 (N.D.N.Y. July 22, 2021) (Hurd, J.). (quoting *AT&T v. City of New York*, 83 F.3d 549, 556 (2d Cir. 1996)). "As a general matter, '[b]anks do not owe non-customers a duty to protect them from the intentional torts of their customers.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 830 (S.D.N.Y. 2005)) (other citations omitted). However, there is narrow exception in which banks would owe a third-party, non-customer a duty of care;

and the parties dispute whether such exception applies in this case. *See* Dkt. No. 13-1 at 14-16; Dkt. No. 15, Defs' Reply, at 8-10.

Generally, "'a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from fiduciary misappropriation.'" *Lerner*, 459 F.3d at 287 (quoting *Norwest Mortgage, Inc. v. Dime Sav. Bank of N.Y.*, 280 A.D.2d 653, 654, 721 N.Y.S.2d 94, 95 (2d Dep't 2001)) (other citation omitted). "Nevertheless, 'a bank may be liable for participation in [such a] diversion, either by itself acquiring a benefit, or by notice or knowledge that a diversion is intended or being executed.'" *Id.* (quoting *In re Knox*, 64 N.Y.2d 434, 438, 477 N.E.2d 448, 451, 488 N.Y.S.2d 146, 149 (1985)). Thus, in such circumstances, the bank is "'under the duty to make reasonable inquiry and endeavor to prevent a diversion.'" *Id.* at 288 (quoting [*Bischoff v. Yorkville Bank*, 218 N.Y. 106,] 114, 112 N.E.2d [759,] 761 [(1916)]) (other citation omitted). However, this duty to inquire does not impose upon banks "a duty to protect non-customers from a fraud involving *depository* accounts." *In re Agape Litig.*, 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) (citing *Renner v. Chase Manhattan Bank*, No. 98-CV-926, 1999 U.S. Dist. LEXIS 978, 1999 WL 47239, at *14 (S.D.N.Y. Feb. 3, 1999) (finding that the duty is only triggered where trust accounts are concerned)). The duty is therefore limited to special purpose fiduciary accounts. Since Plaintiff has not alleged facts to overcome the "strong presumption" that the Southwestern General Depository Account is a conventional, general depository account and not a special purpose account, the Court must find that this "duty to make a reasonable inquiry" exception does not apply. As this exception does not apply, the law is clear that Defendants, as a bank, did not owe Plaintiff – a third-party, non-customer – a duty; and, therefore, Plaintiff cannot satisfy the first element of its claim for gross

negligence. Accordingly, the Court grants Defendants' motion to dismiss with respect to this claim.

### D. Plaintiff's fourth cause of action for accounting

"To establish an entitlement to an accounting, [a] plaintiff must show: '(1) a fiduciary relationship, (2) entrustment of money or property, (3) no other remedy, and (4) a demand and refusal of an accounting.'" *McEssy v. Gray*, No. 5:15-CV-1462 (DNH/TWD), 2016 U.S. Dist. LEXIS 197907, *44-*45 (N.D.N.Y. Aug. 11, 2016) (Hurd, J.) (quoting *In re Mary XX*, 822 N.Y.S.2d 659, 33 A.D.3d 1066 (App. Div. 2006)). "'[A] fiduciary relation[ship] exists when confidence is reposed on one side and there is resulting superiority and influence on the other.'" *United States v. Kosinski*, 976 F.3d 135, 149 (2d Cir. 2020) (quoting *AG Cap. Funding Partners v. State St. Bank & Tr. Co.*, 11 N.Y.3d 146, 158, 896 N.E.2d 61, 866 N.Y.S.2d 578 (2008) (quoting *Ne. Gen. Corp. v. Wellington Adv.*, 82 N.Y.2d 158, 173, 604 N.Y.S.2d 1, 624 N.E.2d 129 (1993) (Hancock, J., dissenting))) (other citation omitted). As discussed above, in this case, Plaintiff failed to allege in its complaint that it was a customer or that a fiduciary relationship existed between it and Defendants. *See generally* Dkt. No. 1. Without alleging such relationship, Plaintiff cannot satisfy the first element of an accounting claim. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's fourth cause of action because it fails to state a claim for accounting.

### E. Plaintiff's request to amend its complaint

In its response to Defendants' motion, Plaintiff requests that the Court provide it leave, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to amend its complaint to include certain factual allegations with respect to each of its four causes of action. *See* Dkt. No. 13-1 at

17. Plaintiff also attaches a draft of its proposed amended complaint. *See id.* at 21-29. The Local Rules provide that a plaintiff seeking to amend its complaint in response to a defendant's motion to dismiss must do so in a cross-motion, which includes a copy of the proposed amended complaint that indicates all inserted and deleted language. *See* L.R. 15.1(a). In this case, Plaintiff failed to follow the Local Rules in seeking to amend its complaint.[3] Therefore, the Court denies Plaintiff's request without prejudice and with leave to renew within twenty (20) days of the date of this Memorandum-Decision and Order.[4]

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss the complaint in its entirety, *see* Dkt. No. 7, is **DENIED IN PART** and **GRANTED IN PART**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's second cause of action for unjust enrichment is **DENIED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's first, third, and fourth causes of action for conversion, gross, negligence, and accounting is **GRANTED;** and the Court dismisses those causes of action **without prejudice; and the Court further**

---

[3] Notably, Plaintiff would not have had to file a cross-motion and could have moved to amend its complaint as of right within twenty-one days of Defendants' filing their motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). However, Plaintiff failed to do so.

[4] The Court cautions Plaintiff that it is skeptical as to whether Plaintiff can show that it has a fiduciary relationship with Defendants in light of the Court's decision in *Southwestern Payroll Serv., Inc.*, and the cases referenced within this Memorandum-Decision and Order. *See also Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d 565, 578 (2011); *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 294 (N.D.N.Y. 2008).

**ORDERS** that, if Plaintiff decides to file a motion for leave to amend its complaint, it must do so within twenty (20) days of the date of this Memorandum-Decision and Order.[5] If Plaintiff does not file such a motion within the required time frame, the dismissal of his first, third and fourth causes of action will become **with prejudice** without further Order of this Court; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Hummel for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: November 22, 2021
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[5] The Court notes that, although the Court denied Defendant's motion to dismiss Plaintiff's second cause of action, Plaintiff may include additional factual allegations to support that cause of action in any proposed amended complaint that Plaintiff files in support of its motion for leave to amend its complaint.